FILED'08 JUN 02 17:19 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRIS HOLSWORTH, et al.,

    Plaintiffs,

  v.

RON GIBSON,

    Defendant.

Civ. No. 08-3022-PA

**ORDER**

**PANNER, District Judge:**

Defendant Ron Gibson seeks to remove a criminal prosecution from Jackson County Circuit Court to this United States District Court. I remand this case to state court. See 28 U.S.C. § 1446(c)(4) (allowing summary remand when notice of removal improperly is filed in criminal action).

**BACKGROUND**

In February 2008, Gibson received traffic citations for failing to display an operator's license and driving while uninsured. See Ex. 101. Criminal proceedings concerning these

1 - ORDER

charges are apparently pending in Jackson County.

On March 5, 2008, Gibson filed the notice of removal. Gibson names the officer who issued the traffic citation, Chris Holsworth, as both plaintiff and counterclaim defendant. Gibson asserts a constitutional right to drive his car on Oregon's roads without observing formalities such as purchasing insurance or obtaining a valid driver's license.

On April 11, 2008, Gibson filed an application for entry of default judgment. Holsworth and the State of Oregon object.

## DISCUSSION

Gibson has the burden of showing removability. <u>Haller v. Kaiser Foundation Health Plan of the Northwest</u>, 184 F. Supp. 2d 1040, 1043 (D. Or. 2001). This court must strictly construe the removal statute against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

Congress has authorized the removal of state criminal prosecutions only in limited circumstances. Federal officers or members of the United States armed forces may remove state criminal prosecutions against them. 28 U.S.C. §§ 1442, 1442a. Removal is also allowed to persons who are "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Removal under § 1443 applies only

when state law prevents a person in state court proceedings from asserting his right to be free from race discrimination. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citing California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1971) (per curiam)).

After carefully reviewing Gibson's notice of removal, I conclude that Gibson has not asserted any valid basis for removal. Summary remand is required.

## CONCLUSION

Defendant's application for default judgment (#3) is denied. This action is dismissed and the criminal proceeding is remanded to state court.

IT IS SO ORDERED.

DATED this ___ day of June, 2008.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER